**FILED**

SEP 2 6 2002

LARRY W. PROPES, CLERK
COLUMBIA, S. C.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## AIKEN DIVISION

| | |
|---|---|
| MARGARET BAKER, and THE ESTATE OF WAYNE BAKER, MARGARET BAKER as Personal Representative, Individually, and for all other persons similarly situated, | Civil Action No. 1:01-2571-22 |
| Plaintiff, | |
| vs. | **ORDER APPROVING CLASS SETTLEMENT AND JUDGMENT** |
| CEDAR CREEK PROPERTIES, INC., CEDAR CREEK REALTY, INC., HOWARD HEBERT, ANGELA HEBERT, WILLIAM KOLAREK, JR., MARY KOLAREK, H. MICHAEL BRAZEAL, AND BRAZEAL CONSTRUCTION AND REALTY, INC., | |
| Defendants. | |

This matter comes before the Court upon the Parties' joint motion for class certification for purposes of final approval of the Settlement Agreement ("Agreement") reached by the Parties. For the reasons set forth more fully below, this Court grants the parties joint motion.

The Settlement Class Representative Plaintiffs in this Action represent owners of lots in the Cedar Creek Community in Aiken, South Carolina who purchased prior to the disclosure of Cedar Creek's Showcase Builder Program in its lot contracts. The Settlement Class Representative Plaintiffs allege that a marketing referral fee in the amount of five percent (5%) of the construction cost of a home paid by showcase builders to Cedar Creek was not adequately disclosed to lot purchasers in the Cedar Creek Community. The Settlement Class Representative Plaintiff also alleges that the inadequate disclosure to the purchasers violated the Interstate Land

Sales Act, 15 U.S.C. § 1701 et seq.; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; and various state laws.

Defendants deny all such allegations and deny that they have violated any applicable laws. However, they have agreed to enter into this Settlement in order to put to rest all controversy and to avoid the further expense and burdensome, protracted litigation which they believe would be involved in defending this and any future actions, without in any way acknowledging any fault or liability on their part.

In order to provide meaningful, immediate relief to the Settlement Class Members and to resolve through compromise in a fair, appropriate manner the many contentious legal and factual issues involved, the Settlement Class Representatives, through their Class Counsel, have negotiated a Settlement Agreement.  This Settlement Agreement takes into account that the Defendant Cedar Creek Properties, Inc. expended significant time and expense in constructing a 2600 square foot Community Center, owned by the Golf Club at Cedar Creek Owners' Association, to be used for the enjoyment and benefit of all Cedar Creek Property Owners.  This Settlement also takes into account the property owners' concern that protracted litigation may damage property values in the Cedar Creek Community.  The parties believe that the Settlement Agreement will resolve the issues in the present litigation in a prompt and equitable manner.

The terms of the Settlement Agreement can be summarized as the following:

A.    Cedar Creek shall disclose in all future Cedar Creek lot contracts certain terms of its Showcase Builder Program, specifically, the terms which allow Cedar Creek to receive a Marketing Referral Fee which amounts to a specified percentage of the construction price of a home built by a showcase builder in the Cedar Creek Community;

B.    Cedar Creek has completed construction of a 2,600 square foot Community Center and will title that property in the name of the Golf Club at Cedar Creek Owners' Association;

C.    Cedar Creek will pay an amount not in excess of $30,000 in attorneys' fees and costs to class counsel. Plaintiffs' Class counsel have agreed to pay to Mrs. Margaret Baker a class representative fee of $5,000 from their award of attorneys' fees for her efforts and assistance as a class representative.

In exchange for these agreements by Cedar Creek, Plaintiffs agree to forever release any and all claims they may have against the named Defendants and any other persons who might otherwise be held liable for the alleged inadequate disclosures at issue in this lawsuit.

Notice of Class Action and Proposed Settlement in the form previously approved by this Court was mailed via certified mail return receipt requested to each member of the Settlement Class on August 16, 2002 notifying the class of a September 10, 2002 opt-out deadline and a Fairness Hearing on the proposed settlement scheduled for September 26, 2002. Of the over 200 class members notified, twelve opted out. One of the opt-outs, Gregory Sharp, is not an appropriate class members as he has never purchased property from Cedar Creek Properties, Inc. The Parties appeared at the Fairness Hearing by their respective attorneys of record. The attorneys for the Parties were heard, and an opportunity to be heard was given to all members of the Settlement Class requesting to be heard in accordance with the Court's prior Order, whether represented by counsel or not.

NOW, THEREFORE, having considered the entire matter of the proposed settlement, and by and with the consent of the Parties, by counsel,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    This court finds that the class, consisting of over 200 members, is so numerous that joinder of all members is impracticable, that there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative party will fairly and adequately protect the interests of the class. Thus, this Court hereby certifies this class action for purposes of settlement;

2.     The proposed settlement on the terms and conditions set forth in the Settlement Agreement preliminarily approved by this Court is fair, reasonable and adequate and should be, and hereby is, approved by the Court;

3.     This Court finds that the attorneys' fee award is reasonable in light of the time and labor expended by class counsel in bringing this action, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, the attorneys' opportunity costs in pressing the instant litigation, the customary fee for like work, the attorneys' expectations at the outset of the litigation, the time limitations imposed by the client or circumstances, the amount in controversy and the results obtained, the experience, reputation and ability of class counsel, the undesirability of the case within the legal community in which the suit arose, the nature and length of the professional relationship between attorney and client; and attorneys' fees awards in similar cases

4.     Any member who effectively opted out of the Settlement Class shall be forever barred from objecting to or challenging the fairness, adequacy, propriety or effectiveness of the Settlement or this Final Order.

AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above-captioned action be, and the same hereby is, dismissed with prejudice and the case forever ended.

AND IT IS SO ORDERED.

*Cameron McGowan Currie*

Cameron McGowan Currie
United States District Judge

September **26**, 2002

Aiken, South Carolina